| | | |
|---|---|---|
| DAPHNE COLLINS<br>7403 Village Rd, Apt. 6<br>Sykesville, MD 21784 | * | IN THE |
| | * | UNITED STATES DISTRICT |
| Plaintiff, | * | COURT FOR THE |
| v. | * | DISTRICT OF COLUMBIA |
| | * | |
| Robert Francis Kennedy Jr., Secretary<br>DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES<br>200 Independence Ave SW<br>Washington, DC 20201 | * | |
| | * | |
| | * | CASE NO. _____ |
| Additional Serve: | * | |
| Pamela Bondi, U.S. Attorney General<br>U.S. Department Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001 | * | |
| | * | |
| and | * | |
| Civil Process Clerk<br>US Attorneys Office<br>555 – 4th Street, NW<br>Washington, DC 20230 | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**COMES NOW**, Plaintiff, Daphne Collins, by and through her attorney, Paul V. Bennett, Esq., and Bennett Legal Services, Inc, and hereby sues Defendant U.S Department of Health and Human Services (hereinafter "Defendant") and states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (hereinafter "ADEA").

2. That all times set forth in the above-referenced Complaint, Plaintiff worked as a GS-13 Information Technology ("IT") Specialist in the Office of Information Technology ("OIT") from May of 2021 through March of 2023, an office within the Indian Health Service ("IHS"), subagency of the Defendant U.S of Health and Human Services.

3. That Defendant's headquarters are located at 200 Independence Ave SW, Washington, DC 20201 (hereinafter referred to as "Defendant's premises").

4. That at all times relevant hereto, Defendant is a federal public institution employing five-hundred (500) or more persons, and is an "employer" within the meaning of Title VII and ADEA.

5. Plaintiff engaged in protected EEO activities, including, without limitation contacting an EEO counselor on March 3, 2023, and filing her formal complaint on April 23, 2023, alleging race, national origin, sex, and age discrimination.

6. Throughout Plaintiff's employment within the OMS, Plaintiff complained about various unprofessional and/or illegal acts that she alleged had been taken against her.

7. In accordance with Title VII and ADEA, Plaintiff has properly exhausted her administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff's race is African American, and her national origin is American. She is a female born in 1977.

9. Plaintiff has been employed as a GS-13 Information Technology ("IT") Specialist, the Policy and Security and Awareness Team, Division of Information Security within IHS's OIT from May 2021 to March 2023.

10. During the relevant time frame, Plaintiff's first line supervisor was Arnold Michael Ginn, Supervisor IT Specialist, GS-2210-14, race: Native American, male, DOB 09/1973.

11. During the relevant time frame, Plaintiff's second line supervisor, and selecting official for vacancy at issue, was Benjamin Koshy ("Mr. Koshy"), the Director of the Division of Information Security and IHS's Chief Information Security Officer.

12. Mr. Koshy's race is Asian/Indian, his national origin is Indian, sex is male, and he was born in 1982.

13. During the relevant time frame, Mr. Sam Mathew ("Mr. Mathew"), the eventual selectee, and Mr. Koshy, selecting official, were close friends.

14. Mr. Sam Mathew's race is Asian/Indian, his national origin is Indian, sex is male, and his year of birth is approximately 1985.

15. During the relevant time frame, Solomon Ammer Wilson ("Wilson"), served as Cybersecurity Project Manager, GS-14, IHS/Office of Information Technology (OIT)/Division of Information Security (DIS). Mr. Wilson's race is Asian, his national origin is Pakistani, sex is male, and he was born in 1973. Mr. Koshy designated Mr. Wilson to act in the vacant position of GS-14 Supervisory IT Specialist. There were other non-Asian employees at the GS-14 level, such as Amalis Hernandez or Anthony Harris, who also volunteered to act in the vacant position.

16. The Agency's vacancy number IHS-22-HQ-11663104- DHA for a GS-14 Supervisory IT Specialist, 2210 position series, was advertised from October 3, 2022, to October 13, 2022. The vacancy at issue deals with cybersecurity.

17. The minimum qualifications listed for the position at issue included, among others, at least one (1) year of specialized experience equivalent to at least the next lower grade level in the Federal service obtained in either the private or public sector performing the following type of work and/or tasks: advising and making recommendations to management on the effectiveness and efficiency of major health IT activities; producing documentation concerning IT security policy and procedure interpretation, technical writing, and other mandated requirements.

18. This vacancy was filled through OPM's Direct Hire Authority ("DHA"). This DHA is codified under 5 U.S.C. § 3304(a)(3), and the implementing regulations are found at 5 CFR § 337, subpart B.

19. Plaintiff applied for the position at issue on October 3, 2022, via USAJOBS. On October 3, 2022, the division letter was sent that the supervisory position was open, and it was about 20 minutes thereafter that Plaintiff submitted her application. She had all minimum qualifications and was put in on the Certificate of Eligibles. She has extensive experience conducting risk assessments in the Department of Justice, the Department of Defense, and in nuclear power and generation.  She was senior cyber security engineer for the Department of Defense at the U.S. Cyber command. She possessed ample leadership and supervisory experience.

20. Sam Mathew applied for the position on October 6, 2022.

21. Sam Mathew did not have any health IT activities experience, which was a minimum qualification.

22. Mr. Koshy inappropriately handpicked his direct reports Hernandez, Harris, and Wilson to participate in the Selection Committee in which he, as their supervisor, would be the selecting official. In violation of the procedure, all 3 panelists: Amalis Hernandez, Anthony Harris, and Solomon Wilson, were direct subordinates of Mr. Koshy.

23. He then directed them to choose their top five candidates and inform him thereof by January 5, 2023. However, ranking of candidates is not permissible under Direct Hiring Authority. Candidates should be selected in order of application receipt without consideration for additional qualifications. The Agencies must identify and use proper assessment tools to determine who is qualified for the covered positions. Agencies are supposed to assess applicants in the order in which the applications were received and select any qualified applicant in an order that approximates the order of receipt.

24. Mr. Koshy inappropriately let all three panelists know that he had a personal relationship with Mr. Mathew and suggested to Mr. Mathew that he apply for the position.

25. Subsequent to finding out that Mr. Mathew and Mr. Koshy had a prior relationship, not surprisingly all three members of the hiring panel proceeded to vote for Mr. Mathew's hire.

26. Mr. Koshy allowed a male, Tyler Brummer, to act as lead for the Division's Incident Response team. Mr. Brummer was not a supervisor, and Mr. Koshy later hired him as the permanent lead for that team.

27. On February 27, 2023, Plaintiff learned she was not selected for the position of Supervisory IT Specialist (INFOSEC) GS-2210-14, despite being clearly more qualified than the person selected.

28. Mr. Koshy knew Plaintiff intended to apply for the position because she was denied a promotion despite receiving a 4.83 out 5 performance rating, she had previously inquired about the option to move up, and Mr. Koshy stated she qualified for a GS-14 position.

29. This position should have been advertised under the merit promotion which would give preference to internal candidates.

30. The Office of Human Resources ("OHR") analyzed the applications to determine which applicant *should* be placed on the Certificate of Eligibles and not the applicants which met minimum qualifications for the position. Mr. Mathew clearly did not meet the minimum qualifications.

31. On October 18, 2022, OHR could not, or *should not*, send Mr. Koshy the resumes of the 146 individuals, including Mr. Mathew's resume when they clearly lacked the minimum qualifications. The Certificate of Eligibles was issued by Ms. Latoya Smith-Butler and dated December 20, 2022. Interestingly, the December 20, 2022 Certificates of Eligibles states "selected" next to Mr. Mathew's name.

32. Mr. Koshy should have processed them in the chronological order the applicants submitted their applications according to the applicants' list.

33. On December 22, 2022, Mr. Koshy sent Amalis Hernandez, Anthony Harris, and Mr. Wilson the certificate of the eligibles for 146 individuals that included a resume of his protégé and compatriot, Mr. Mathew, who was not even minimally qualified, but already deemed selected. During the relevant time frame, Amalis Hernandez, served as

an Audit Team Lead, GS-14, IHS/Office of Information Technology (OIT)/Division of Information Security ((DIS) while Anthony Harris, served as Lead Information System Security Officer (ISSO), GS-14, IHS/Office of Information Technology (OIT)/Division of Information Security (DIS).

34. Another employee of the same race, color, ethnicity, and gender, as Mr. Koshy and Mr. Mathew, namely Solomon Wilson, proposed Mr. Mathew for the interview although he did not meet minimum qualifications.

35. Mr. Koshy, as direct supervisor of Hernandez, Harris, and Wilson, improperly influenced the panelists. Mr. Koshy should have recused himself as that "appear as a preselect," or "that you created that position for someone."

36. Out of the pool of about ten candidates, Mr. Koshy chose to interview Ms. Mathew.

37. The vacancy announcement does not mention managing teams conducting risk assessment as the primary focus of the position.

38. Plaintiff was the only African American female on the team. In fact, Mr. Koshy did not have any African-American female civilians reporting to him. He did not hire any directly and he did not promote any into a direct reporting role. Mr. Mathew was treated more favorably because he was not African- American, ethnicity, gender, and/or age. Mr. Koshy had a specific idea of the people he wanted directly reporting to him.

**COUNT I**
**RACE DISCRIMINATION**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e,** *et seq.*

39. Plaintiff hereby restates and incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

7

40. Plaintiff is a member of a protected class. Her race is African American.

41. Plaintiff was best qualified for the Agency's vacancy number IHS-22-HQ-11663104-DHA for a GS-14 Supervisory IT Specialist, 2210 position series.

42. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her race, African American, a protected class under Title VII.

43. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

44. That the effect of the practices complained of above on or about March 3, 2023, and April 23, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, African American.

45. That similarly situated non-African American employees, including but not limited to, Mr. Sam Mathew, and Mr. Solomon Ammer Wilson, outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, failure to promote, non-selection to act in the vacant position, and then failure to select for the position of Supervisory IT Specialist (INFOSEC) GS-2210-14.

46. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

47. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
### NATIONAL ORIGIN DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

48. Plaintiff hereby restates and incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

49. Plaintiff is a member of a protected class. Her national origin is U.S. born American.

50. Plaintiff was best qualified for the Agency's vacancy number IHS-22-HQ-11663104-DHA for a GS-14 Supervisory IT Specialist, 2210 position series.

51. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her national origin, U.S. born American, a protected class under Title VII.

52. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

53. That the effect of the practices complained of above on or about March 3, 2023, and April 23, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her national origin, U.S. born American.

39. That similarly situated non-American employees, including but not limited to, Mr. Sam Mathew, and Mr. Solomon Ammer Wilson, outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, failure to promote, non-selection to act in the vacant position, and then failure to select for the position of Supervisory IT Specialist (INFOSEC) GS-2210-14.

9

40. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

41. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## GENDER DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e, *et seq.*

42. Plaintiff hereby restates and incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

43. Plaintiff is a member of a protected class. She is a female.

44. Plaintiff was best qualified for the Agency's vacancy number IHS-22-HQ-11663104-DHA for a GS-14 Supervisory IT Specialist, 2210 position series.

45. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her sex/gender, female, a protected class under Title VII.

46. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.

47. That the effect of the practices complained of above on or about March 3, 2023, and April 23, 2023, were to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex/gender, female.

48. That similarly situated male employees, including but not limited to, Mr. Sam Mathew, Mr. Tyler Brummer, and Mr. Solomon Ammer Wilson, outside the protected class, were

      not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to, failure to promote, non-selection to act in the vacant position, and then failure to select for the position of Supervisory IT Specialist (INFOSEC) GS-2210-14.

49. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer loss of earning capacity, severe emotional distress, humiliation, mental anguish, and attorney's fees and litigation costs.

50. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

  WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT IV**
**RETALIATION**
**(Adverse Actions and Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**(Race, Gender, and Prior EEO Activities)**
**42 U.S.C. § 2000e,** *et seq.*

51. Plaintiff hereby restates and incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

52. Plaintiff's protected EEO activities included raising her concerns to Mr. Koshy when she was not picked to act in vacant position of Supervisory IT Specialist (INFOSEC) GS-2210-14.

53. The subsequent adverse employment actions and disparate treatment, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation as revealed by of the frequent retaliatory conduct, the close temporal proximity to her continuous protected EEO activities and the evident retaliatory animus of Defendant's management.

        One such prominent example is the actual non-selection for the position of Supervisory IT Specialist (INFOSEC) GS-2210-14.

54. That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

55. The aforementioned legally protected activities were known by upper management to have occurred.

56. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her legally protected activities and to discourage others from engaging in protected activities.

57. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

58. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, incurred attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT V**
**<u>AGE DISCRIMINATION</u>**
**<u>(Disparate Treatment)</u>**
**Age Discrimination in Employment Act of 1967, as amended,**
**29 U.S.C. § 621,** *et seq.*

59. Plaintiff hereby restates and incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

60. Plaintiff was best qualified for the Agency's vacancy number IHS-22-HQ-11663104-DHA for a GS-14 Supervisory IT Specialist, 2210 position series.

61. Plaintiff was subjected to adverse treatment, including without limitation, the above-referenced disparate treatment and adverse job actions as set forth in the Facts Common to all Facts and Counts I, II, and III of this Complaint.

62. Plaintiff's age was the "but-for factor" behind the described adverse treatment.

63. All similarly situated applicants for the Agency's vacancy number IHS-22-HQ-11663104-DHA for a GS-14 Supervisory IT Specialist, 2210 position series, under the age of 40 or substantially younger than Plaintiff, including but not limited to, Mr. Sam Mathew, were treated more favorably than Plaintiff as they were not subjected to non-selection.

64. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

65. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and emotional distress, and incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Daphne Collins, Plaintiff, demands judgment against the U.S Department of Health and Human Services, Defendant, as follows:

a. Reinstatement;

b. $300,000.00 as compensatory damages;

c. Front pay and back pay; lost wages;

d.  Non-compensatory damages as deemed as appropriate by this honorable Court;

e.  Retirement fund reimbursement

f.  Prejudgment and post judgment interest;

g.  Award attorney's fees and costs, including expert witness fees, as allowed by law;

h.  And for such other and further relief as this honorable Court deems just and equitable.

Respectfully submitted,

 /s/ Paul V. Bennett_____
Paul V. Bennett, Esq. (DC Bar No. 427358)
Bennett Legal Services, Inc.
5457 Twin Knolls Road, Suite 300
Columbia, Maryland 21045
(410) 353-4994
pbennett@bennettlaw.net

*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Daphne Collins, Plaintiff, hereby demands that this matter be tried by jury.

                                                    /s/ Paul V. Bennett
                                                    Paul V. Bennett, Esq. (DC Bar No. 427358)