**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **DAPHNE COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-cv-01350 (APM)** |
| | ) | |
| **ROBERT F. KENNEDY, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Before the court is Defendant Robert F. Kennedy, Jr.'s Motion to Dismiss, ECF No. 14 [hereinafter Def.'s Mot.]. The court assumes the parties' familiarity with the administrative history, the complaint allegations, and Defendant's grounds for dismissal and thus will forgo a detailed recitation. The court addresses the arguments in summary form.

*The Claims are Not Time-Barred.* The court disagrees with Defendant that Plaintiff's claims are time-barred because she failed to file suit within 90 days of receiving notice of final agency action. *See id.* at 5–12. The parties agree that the final agency action in his case was the ALJ's November 15, 2024, decision granting the agency summary judgment on Plaintiff's discrimination claims. *See id.* at 8; Pl.'s Opp'n to Def.'s Mot., ECF No. 16 [hereinafter Pl.'s Opp'n], at 11–12.

"Title VII itself expressly conditions the start of the ninety-day time limit for filing on the employee's 'receipt of notice of final action taken by a department, agency, or unit.'" *Al-Saffy v. Vilsack*, 827 F.3d 85, 95 (D.C. Cir. 2016) (quoting 42 U.S.C. § 2000e-16(c)). Further, "notice of final agency action alone does not start that ninety-day clock running if unaccompanied by 'notice

(1) of the employee's right to file a civil action and (2) of the time limit on filing such action.'" *Id.* (quoting *Williams v. Hildago*, 663 F.2d 183, 186 (D.C. Cir. 1980)) (cleaned up).  Here, it is undisputed that the final agency action—the ALJ's decision—did not contain notice of Plaintiff's right to file a civil suit or the 90-day deadline to do so.  *See* Def.'s Mot. at 9; Pl.'s Opp'n, Ex. A, ECF No. 16-1, at 12–13.  Because of this deficiency, the ALJ's decision "did not trigger the ninety-day deadline."  *Al-Saffy*, 827 F.3d at 95.  Plaintiff's suit therefore is timely.

Defendant seeks to distinguish *Al-Saffy* as a case "involv[ing] a complete absence of notice or more than a mere technical defect."  Def.'s Mot. at 9.  But notice of Plaintiff's right to file suit and the deadline to do so are completely absent from the ALJ's ruling.  That is not a "mere technical defect."  Further, the acceptance letter that the agency sent Plaintiff approximately 17 months earlier, *see id.* at 10; Def.'s Mot., Ex. C, ECF No. 14-3, provides no cure.  The notice of rights must accompany the notice of final agency action.  *See Al-Saffy*, 827 F.3d at 95.  That did not occur here.

*Plaintiff Failed to Exhaust Her Retaliation Claim*.  Plaintiff did not administratively exhaust her retaliation claim.  Her EEO complaint nowhere mentions retaliation, explicitly or otherwise, and it does not identify any protected activity or adverse employment action that arose from the exercise of her rights.  *See generally* Def.'s Mot., Ex. B, ECF No. 14-2.  Plaintiff argues she was not required to exhaust "when [a] retaliation claim arises after she made her initial contact with a Counselor."  Pl.'s Opp'n at 17.  But even if that were the law, Plaintiff's pleading contains no allegation of any adverse action that followed her EEO complaint.  *See* Compl., ECF No. 1, ¶¶ 5–6, 52 (alleging various acts of protected activity as to the retaliation count but no adverse act).  Plaintiff also argues that her retaliation claim is "like or reasonably related to the allegations" made in her EEO complaint, and that her "EEO narrative encompassed retaliatory conduct."

Pl.'s Opp'n at 18.  Not so.  As noted, her EEO complaint contains no reference to any protected activity or adverse employment action.  And, although her pleading references protected activities, *see* Compl. ¶¶ 5–6, 52, it never ties any such activity to any adverse action taken against her. An inadequately pleaded retaliation claim cannot be "like or reasonably related" to her EEO charge.  The claim therefore was not exhausted.

*Plaintiff States Plausible Claims of Discrimination.*  Plaintiff's discrimination claims are plausible.  *See* Def.'s Mot. at 15–19.  Plaintiff contends that her second-level supervisor, a male of South Asian descent, selected for an open information-technology position a younger male of the same descent whose qualifications were inferior to hers.  Compl. ¶¶ 17, 19, 21, 27.  She also alleges procedural discrepancies in the hiring process.  *See id.* ¶¶ 22–24, 29–33.  And she alludes to at least one other instance of a similar discriminatory personnel decision by the same second-level supervisor.  *See id.* ¶ 15.  Assuming these alleged facts to be true, Plaintiff has more than plausibly made out claims of race, national origin, sex, and age discrimination.

Defendant's assertion that Plaintiff has somehow pleaded herself out of court because she alleges no more than cronyism is unpersuasive.  Def.'s Mot. at 17–18.  At this stage, all reasonable inferences must be drawn in favor of Plaintiff.  Based on the well-pleaded facts, she has made out claims of discrimination.

For the foregoing reasons, Defendant's motion is granted as to Plaintiff's retaliation claim but is otherwise denied.  Plaintiff's request for leave to amend is denied, Pl.'s Opp'n at 27–28, as no amendment could cure her failure to exhaust her retaliation claim.  *See Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010).  Finally, the court declines to dismiss certain remedies sought by Plaintiff.  Def.'s Mot. at 20–21.  Those contentions can be renewed at the summary judgment stage or at trial.

Dated:  May 15, 2026

_____
Amit P. Mehta
United States District Judge